**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GIUSEPPINA P. DONIA,** | : | Case No. 1:07 CV 2627 |
| Plaintiff, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **SEARS HOLDING CORP.,** | : | **ORDER** |
| Defendant. | : | |

This matter arises on Defendant Sears Holding Corp.'s ("Sears") *Motion to Transfer Venue* (ECF Doc. 7). Pursuant to 28 U.S.C. § 1404(a), Sears moves the Court for an Order transferring this action to the United States District Court for the Northern District of Illinois, where earlier filed and allegedly closely related class actions are now pending. The Plaintiff, Giuseppina P. Donia ("Donia"), has filed a response in opposition to Sears' motion (ECF Doc. 9) and Sears has filed a reply in support (ECF Doc. 10). The motion is therefore ripe for resolution. For the reasons more fully articulated below, the Court **GRANTS** Sears' *Motion to Transfer Venue* (ECF Doc. 7).

## I. BACKGROUND

In 2003, Donia, a resident of Lake County, Ohio, bought a Kenmore Elite HE3 front-loading washing machine. On August 29, 2007, Donia filed a putative Class Action Complaint in this Court alleging that certain models of Kenmore front-loading washing machines sold by Sears, including the one she purchased, are defective. (ECF Doc. 1.) More specifically, Donia alleges in the Class Action Complaint that the washing machine basin does not drain properly, causing mold and/or mildew to grow and accumulate in the basin. The allegedly defective washing machines emit a foul

odor that permeates clothing 'washed' in the machine and the owner's house generally. Donia seeks to bring the action on behalf of a putative class of "persons or entities who purchased, not for resale, the Washing Machines from Defendant in the State of Ohio." (*Id*. at ¶ 35.)

Meanwhile, two putative class actions involving, *inter alia*, the same alleged defects in the *same* Kenmore front-loading washing machines, the "HE" series, are pending and have been consolidated for pretrial proceedings in the United States District Court for the Northern District of Illinois ("Northern District of Illinois") before Judge Joan H. Lefkow. *See Munch v. Sears*, No. 06C 7023 (N.D. Ill. Dec. 19, 2006); *Seratt v. Sears*, No. 07C 0412 (N.D. Ill. Jan. 22, 2007) (collectively, "*Munch/Seratt*"). The *Munch/Seratt* cases were filed against Sears on behalf of nationwide classes and statewide subclasses of owners of the Kenmore front-loading washing machines in question. *See Munch/Seratt*, *Consolidated First Amended Class Action Complaint*, ECF Doc. 7-4. The *Munch/Seratt* cases involve the same factual issue – mold and odor producing HE series Kenmore front-loading washing machines sold by Sears – and overlapping legal claims, including breach of the implied warranty of merchantability and unjust enrichment. *Id*. In the *Munch/Seratt* case, Sears filed a motion to dismiss the original complaints, and the Judge granted the motion with respect to all claims except the plaintiffs' implied warranty claims. (*See* ECF Doc. 7 at 4.)

Sears has marketed the Kenmore front-loading washing machines in question nationally and sold 1.5 million of them, including significant sales in Ohio. Sears' principle place of business is in Illinois. Whirlpool Corporation designed and manufactures the Kenmore front-loading washing machines in Germany, and Sears provides its own warranty with each washing machine. None of the design, testing, marketing, manufacturing, or warranting decisions regarding the Kenmore front-loading washing machines were made in Ohio.

2

## II. LAW & ANALYSIS

Sears' filed its motion to transfer venue to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Sears argues that this case could have been brought in the Northern District of Illinois, and that, on balance, transferring the case there would serve the convenience of the parties and witnesses and the interest of justice. (*See* ECF Doc. 7 at 6.)

### A. The Northern District of Illinois Is a Proper Venue

The threshold issue in evaluating a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the transferee court is a proper venue. This question is governed by 28 U.S.C. § 1391, which provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Donia does not dispute that the action could have been brought in the Northern District of Illinois, *see* ECF Doc. 9 at 3, and the Court is convinced that that court is a proper venue.[1]

---

[1] Donia's action is based solely on diversity of citizenship, namely 28 U.S.C. § 1332(d)(2). (*See* ECF Doc. 1 at ¶ 14.) Sears is the only defendant, and its corporate headquarters are within the Northern District of Illinois. In addition, given that the final marketing, advertising, and warranting decisions related to the product in question were made at Sears' corporate headquarters in Illinois, a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Illinois.

3

### B. The Balance of Applicable Factors Strongly Favors Transfer

The second step in analyzing a motion to transfer venue under 28 U.S.C. § 1404(a) is whether, on balance, transfer serves the convenience of the parties and interests of justice. In short, Sears bears the burden of establishing that the Northern District of Illinois is a "more convenient forum." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964). In making this determination, the Court evaluates a variety of factors, including case-specific factors such as the convenience of the parties and witnesses, the relative ease of access to proof, and the availability of compulsory process, and public-interest factors such as the relative burdens of the courts and local interest in the dispute. *See Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002); *H.K. Enters., Inc. v. Royal Int'l Ins. Holdings, Ltd.*, 766 F.Supp.581, 583 (N.D. Ohio 1991). No one factor is dispositive; transfer is appropriate if the balance of these factors "strongly" favors trying it in the transferee district. *See Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F.Supp. 2d 570, 573 (N.D. Ohio 1998).

#### 1. Sears' Arguments in Support of Transfer

Sears' primary argument in support of transfer is that this action is "substantially identical" to the *Munch/Seratt* putative class actions already pending in the Northern District of Illinois. (ECF Doc. 7 at 6-7.) Sears notes that the Supreme Court has long recognized that the purpose of 28 U.S.C. § 1404(a) is to promote efficient litigation and avoid duplication of effort. (*Id.* (citing *Van Dusen*, 376 U.S. at 616, and quoting *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26 (1960): "To permit a situation in two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent.")). According to Sears, the "only differences" between this case and the

4

*Munch/Seratt* class actions are that Donia asserts an express warranty claim and seeks to certify an Ohio class. (*Id*. at 7.) Sears disposes of the first difference by noting that the express warranty claim could be asserted in the Northern District of Illinois, and the second difference by noting that Donia could request certification of a statewide sub-class of Ohio residents because Ohio owners of the washing machines in question are already included in the nationwide class. (*Id*. at 7-8.)

Sears also argues that the customary deference to the plaintiff's choice of forum is significantly diminished in the class action context because (1) each class member could assert the right to litigate in his or her home forum; and (2) the role of the nominal plaintiff is minimal. (*Id.* at 8 (citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947); *Blake v. Family Dollar Stores, Inc.*, No. 2:07cv361, 2007 WL 1795936, at *2 (S.D. Ohio June 19, 2007) ("[D]eference afforded plaintiffs' chosen forum is 'considerably weakened' where the case has been brought as a class action."); *Georgouses v. NaTec Res., Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997) ("Moreover, because plaintiff alleges a class action, plaintiff's home forum is irrelevant.")). Sears argues that Donia's putative class would include anyone who bought a Kenmore front-loading washing machine in Ohio, not just Ohio residents, and therefore the rationales for affording the plaintiff's choice of forum little importance are clearly applicable. (*Id*.)

Lastly, Sears argues that the balance of the applicable factors strongly favors transfer to the Northern District of Illinois. (*Id*. at 9.) Namely, Sears asserts that: (1) the pertinent facts have little connection to the Northern District of Ohio and substantial connections to the Northern District of Illinois; (2) the Northern District of Illinois is the most convenient forum for the potential witnesses; (3) the potentially relevant documents and other sources of proof will likely be available at Sears' headquarters in the Northern District of Illinois; (4) the Northern District of Illinois is clearly more

5

convenient and less costly for the parties because numerous Sears employees will be called on to testify; and (5) the interests of justice and judicial economy favor transfer because discovery and legal issues will be litigated by the same court.  (*Id*. at 9-15.)

### 2. Donia's Arguments in Opposition to Transfer

In response, Donia emphasizes that the balance of applicable factors must *strongly* favor transfer in order to justify granting a motion to transfer under 28 U.S.C. § 1404(a).  (ECF Doc. 9 at 4 (citing, *e.g.*, *Van Dusen*, 376 U.S. at 645-46); *Apex Sales Agency v. Phoenix Sintered Metals, Inc.*, No. 1:06cv1203, 2006 WL 3022987, at *2 (N.D. Ohio Oct. 23, 2006) (noting that transfer is not appropriate to "shift the burden of inconvenience from one party to the other"); *Bacik v. Peek*, 888 F.Supp. 1405, 1415 (N.D. Ohio 1993)).

Next, Donia contests Sears' argument that the actions are "substantially identical," arguing that they are merely similar.  (*Id.* at 6.)  In particular, Donia points to the distinct Ohio claims alleged in her Complaint.  Similarly, Donia argues that her choice of forum is critical, especially given that: (1) she resides in this district; (2) she bought the washing machine in question in this district; (3) she is not seeking to certify a nationwide class; and (4) the putative class is not geographically disparate because each putative class member also bought a washing machine in Ohio.  (*Id.* at 8-9.)  She distinguishes the cases cited by Sears for the proposition that the plaintiff's choice of forum is entitled to negligible weight by noting that those cases involved a putative class whose members could claim a right to "many home courts," and that it is well-established that the plaintiff's choice of forum remains a relevant factor even in the class action context.  (*Id.*)

Donia also contests Sears' assertion that the operative facts occurred in the Northern District of Illinois and argues that Ohio is a convenient forum.  (*Id.* at 10.)  She reiterates that the advertising,

sale, allegedly defective operation, and attempted service of her washing machine occurred in Ohio, and notes that Sears has eight retail stores within a 100 mile radius of Cleveland, Ohio. (*Id*.) Although she concedes that many potential witnesses for Sears are located in Illinois, she contends that there are potential witnesses for Sears located in Ohio and across the nation, including Arizona and Texas. (*Id*.) Moreover, she argues, there is no evidence that Sears' witnesses will be unwilling or unable to testify in Ohio, and that Sears is perfectly capable of bearing the burden of litigating in Ohio. (*Id*. at 11 (citing *Gdovin v. Catawba Rental Co., Inc.*, 596 F. Supp. 1325, 1327 (N.D. Ohio 1984).) Similarly, she argues that Sears has not established that it will truly be difficult or disruptive for Sears to produce documents and other evidence in Ohio, especially since most documents are probably available in electronic form. (*Id*. at 13.) In contrast, she argues that "the greater hardship rests on Plaintiff . . . ." (*Id*. at 10-11.) Donia submitted an affidavit stating that she has two children under five years old and needs to remain in Ohio to go to work. (*Id*. at 11.)

Lastly, Donia argues that the interests of judicial economy and justice do not favor transfer. (*Id.* at 14.) She notes that she could be prejudiced by events that have already occurred in the *Munch/Seratt* actions and that conflicts of law principles could require the Northern District of Illinois to apply Illinois law to her breach of contract claims. (*Id*. at 14-15.) Instead of transfer, she notes that discovery and other proceedings could be coordinated between the two courts. (*Id*. at 15, n8.)

### 3.     Analysis: Transfer is Appropriate in this Case

On balance, the factors strongly favor transfer. Donia's lawsuit simply represents a sub-class of the national class action already proceeding in the Northern District of Illinois. As noted by Sears in its Reply, (ECF Doc. 10 at 3), the *Munch/Seratt* actions seek certification of a *nationwide* class.

The nationwide class would encompass an Ohio sub-class, the claims of which would have to be analyzed pursuant to principles of Ohio law. Furthermore, although Donia is correct in noting that the *Munch/Seratt* actions are not "identical" to this lawsuit, these cases are nearly identical and substantial similarity is sufficient to give significant weight to this factor.[2]

Similarly, although Donia correctly notes that the plaintiff's choice of forum is not irrelevant in the class action context,[3] the importance of the plaintiff's choice of forum is nonetheless diminished where the plaintiff has intentionally broadened the geographic scope of the action by seeking to certify a class. Despite Donia's arguments that the putative class members have the same "home court," her Complaint expressly encompasses anyone who bought the washing machines in question in Ohio, including purchasers residing in the Southern District of Ohio, residents of neighboring states, and, potentially, visitors. (ECF Doc. 1 at ¶ 35.)

The remaining factors also strongly favor transfer, as Sears convincingly argues in its Reply. (ECF Doc. 10 at 6-13.) Although the facts related to Donia's individual claims occurred in both Ohio and Illinois, the facts related to her class claims – *i.e.*, that Sears knew of the defect but chose to market it anyway without acting to correct it – arise out of alleged systematic conduct by Sears'

---

[2] Donia cites no authority for the proposition that pending cases must be identical to give weight to the relatedness factor, and courts have interpreted the Supreme Court's statements regarding judicial efficiency in *Continental Grain Co.*, 364 U.S. at 26, such that the "pendency of a similar action in the transferee court is a universally recognized reason for granting a change of venue." *Pacific Coast Federation v. Gutierrez*, No. C-05-3232, 2006 WL 194507, at *2 (N.D. Cal. Jan. 24, 2006) (quoting *Weltman v. Fletcher*, 431 F.Supp. 448, 451 (N.D. Ohio 1976)).

[3] This court has consistently treated the plaintiff's choice of forum as *one* of the relevant factors in the § 1404(a) analysis. *See*, *e.g.*, *International Union, U.A.W. v. Aluminum Co. of America*, 875 F.Supp. 430, 433 (N.D.Ohio 1995) (O'Malley, J.) ("While this Court agrees that the plaintiff's choice of forum is to be awarded some weight, it is not of paramount importance; it is instead one factor to be weighed equally with other relevant factors .").

8

directors at its corporate headquarters in Illinois. Likewise, the convenience of the parties weighs in favor of transfer because the vast majority of the evidence related to the class allegations will have to come from Sears, and the availability, proximity (for both practical and service of process purposes), and convenience of numerous witnesses favors litigation in the Northern District of Illinois. The Court acknowledges that the inconvenience of litigating in Illinois is a significant burden on Donia *personally*; however, this is clearly outweighed by the inconvenience of litigating in Ohio for myriad other witnesses and entities, especially given Donia's nominal role as the putative class representative. Lastly, the public interest factors clearly favor transfer to the district in which a nearly identical action is already proceeding. Transfer is consistent with the efficiency purpose of 28 U.S.C. § 1404(a) because it will prevent unnecessary duplication of effort and retaining this case could also lead to inconsistent results in light of the nearly identical nature of this case and the *Munch/Seratt* actions.

### III. CONCLUSION

Accordingly, Sears' *Motion to Transfer Venue* pursuant to 28 U.S.C. § 1404(a) (ECF Doc. 7) is **GRANTED** and this action is hereby **TRANSFERRED** to the United States District Court for the Northern District of Illinois, where *Munch v. Sears*, No. 06C 7023 (N.D. Ill. Dec. 19, 2006) and *Seratt v. Sears*, No. 07C 0412 (N.D. Ill. Jan. 22, 2007) are now pending before Judge Joan H. Lefkow.

**IT IS SO ORDERED.**

|  | s/Kathleen M. O'Malley |
|---|---|
| **Dated: May 30, 2008** | **KATHLEEN McDONALD O'MALLEY UNITED STATES DISTRICT JUDGE** |